IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VIRGINIA D. KEELAND                                                      PLAINTIFF

v.                              Case No. 5:07-cv-5087

MICHAEL J. ASTRUE, Commissioner                                          DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Virginia Keeland, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI), under the provisions of Titles II and XVI of the Social Security Act (Act). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Procedural Background:

Plaintiff protectively filed for SSI and DIB on February 20, 2004 alleging disability due to chronic obstructive pulmonary disease (COPD).  (Tr. 49-52).  Plaintiff's applications were denied initially and on reconsideration.  (Tr. 23-32).  Pursuant to Plaintiff's request, an Administrative Law

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

Judge (ALJ) held a hearing on January 10, 2006. Plaintiff, represented by attorney Lawrence Fitting, appeared and testified at the hearing, along with Plaintiff's witness Lisa Keeland and vocational expert (VE) John Massey. (Tr. 236-295). On May 16, 2006, the ALJ issued a partially favorable decision. (Tr. 9-11). The ALJ concluded Plaintiff was not disabled prior to November 2, 2005, but became disabled on that date and continued to be disabled through the date of the ALJ's decision. (Tr. 13-20). The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision. (Tr. 2-4).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner. The Plaintiff argues the ALJ erred

in "mechanically" applying the age criteria of the Grids in a borderline age situation; and the ALJ erred by failing to obtain the testimony a medical expert to determine the onset date of Plaintiff's impairments. The Defendant argues the ALJ did not mechanically apply the age criteria of the Grids in a borderline age situation; and the ALJ was not required to obtain the testimony of a medical expert to determine Plaintiff's impairment onset date.

### A. Use of Grids In Borderline Age Situations

Plaintiff was born on November 2, 1955. At the time of her alleged onset date of February 15, 2004, Plaintiff was 48 years old. (Tr. 49, 291-292). Based 20 C.F.R. § 404.1563(c), the ALJ treated Plaintiff as a younger person age 45-49. (Tr. 18). Plaintiff argues the ALJ should have treated Plaintiff as an individual closely approaching advanced age (50-54), which under the Medical-Vocational Guidelines (Grids), would have resulted in a finding of disabled as of Plaintiff's onset date.

The age categories should not be applied mechanically in borderline age situations. If a claimant is within a few days, to a few months, of reaching an older age category, and using the older age category would result in a finding of disability, consideration of the older age category will be made after evaluating the overall impact of all the factors of a particular case. *See* 20 C.F.R. § 404.1563(b).

The term "borderline" is not specifically defined, indicating the Secretary has significant discretion in determining when a situation is "borderline." *See Barrett v. Apfel*, 40 F. Supp. 2d 31, 38 (D. Mass. 1999). The regulations speak of "borderline" in terms of a claimant being within a few days to a few months of an older age category. Plaintiff was approximately a year and nine months

4

from being 50 years old at the time of her alleged onset date of February 15, 2004. Plaintiff's case is not a borderline situation under a reasonable reading of the regulations. *See Underwood v. Bowen*, 828 F. 2d 1081 (5th Cir. 1987) (ten months not borderline).

Therefore, substantial evidence supports the ALJ's finding that Plaintiff was a younger individual age 45-49.

### B. Medical Expert Testimony For Onset Date Determination

Plaintiff argues in a case such as this, where a claimant is found currently disabled and the issue is the onset date of the disability, Social Security Ruling (SSR) 83-20 provides for obtaining medical expert testimony to assist in making this determination.

According to Plaintiff, SSR 83-20 provides, in pertinent part, as follows:

> "In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made."

The standard relied upon by Plaintiff is used in situations where precise evidence of the onset date is not available and there exists a need to infer an onset date. However, a medical advisor needs to be called only if the medical evidence of the onset date is ambiguous. *See Grebenick v. Chater*, 121 F. 3d 1193, 1201 (8th Cir. 1997).

Plaintiff alleged a disability onset of February 15, 2004. (Tr. 49-52). Plaintiff was

5

hospitalized on that date at the Washington Regional Medial Center for an acute exacerbation of COPD. (TR. 125-138). Plaintiff's last admission before this was March 2002. (Tr. 125). Plaintiff was discharged on February 19, 2004, with instructions to resume a normal level of activity. (Tr. 126). Plaintiff was taking no medication at the time of her discharge except for home oxygen. (Tr. 125). Plaintiff underwent chest x-rays on February 25, 2004, which showed no acute disease or detrimental change from a prior x-ray of April 2002. (Tr. 123).

Plaintiff was hospitalized again at the Washington Regional Medical Center on November 29, 2004. (Tr. 190). The diagnosis was acute exacerbation of COPD. (Tr. 190). Plaintiff was discharged on December 3, 2004. (Tr. 190). Plaintiff testified she quit smoking during this hospital stay. (Tr. 269).

The ALJ found Plaintiff had the RFC for a wide range of sedentary work. (Tr. 17). The ALJ found that although Plaintiff alleged an onset date of February 15, 2004, there was insufficient medical evidence to support this. (Tr. 17). The ALJ did not find a change in Plaintiff's RFC from the alleged onset date of February 15, 2004, through the date of onset found by the ALJ of November 2, 2005. (Tr. 17-21). Instead, the ALJ found the Grids directed a finding of "disabled" once Plaintiff reached the age of 50 on November 2, 2005. (Tr. 19). Therefore, the ALJ did not infer an onset date, and as such, Plaintiff's argument regarding the need for medical advisor testimony must fail.

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the

decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **11th day of June 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE